RYAN J. MARTON (SBN 223979)
ryan@martonribera.com
CAROLYN CHANG (SBN 217933)
carolyn@martonribera.com
PHILLIP J. HAACK (SBN 262060)
phaack@martonribera.com
SHANNON KUMAGAI (SBN 295245)
shannonkumagai@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

*Attorneys for Defendant Zoho Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> ZOHO CORPORATION AND DOES 1 THROUGH 10. <br><br>       Defendants. | Case No: 5:22-cv-05859-EJD <br><br> **DEFENDANT ZOHO CORPORATION'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:       Hon. Edward J. Davila <br> Date Filed:   October 7, 2022 <br> Trial Date:    TBD |

Defendant Zoho Corporation ("Zoho"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Software Research, Inc. ("SRI") as follows:

### NATURE OF THE ACTION

1.      Zoho admits that the Complaint purports to be a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Zoho denies any and all remaining allegations in paragraph 1 of the Complaint.

2.      Zoho denies the allegations in paragraph 2 of the Complaint.

### THE PARTIES

3.      Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and on that basis denies them.

4.      Zoho admits it is a California corporation with its principal place of business at 4141 Hacienda Drive, Pleasanton, CA 94588.  Zoho denies any and all remaining allegations in paragraph 4 of the Complaint.

5.      Zoho denies the allegations in paragraph 5 of the Complaint.

6.      Zoho denies the allegations in paragraph 6 of the Complaint.

### JURISDICTION AND VENUE

7.      Zoho admits that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331 and 1338(a).

8.      Zoho admits, for the purposes of this action only, that this Court may exercise personal jurisdiction over Zoho, that Zoho resides in the State of California and in this District, and that Zoho transacts business in the State of California and in this District.  Zoho denies any and all remaining allegations in paragraph 8 of the Complaint.

9.      Zoho admits, for the purposes of this action only, that this Court may exercise personal jurisdiction over Zoho, and that Zoho conducts and solicits business in the State of California and in this District.  Zoho denies any and all remaining allegations in paragraph 9 of the Complaint.

10.     Zoho admits, for the purposes of this action only, that venue is proper in this District, that Zoho transacts business in this District, and that Zoho resides in this District.  Zoho denies any and all remaining allegations in paragraph 10 of the Complaint.

11.     Zoho admits, for the purposes of this action only, that venue is proper in this District, that Zoho resides in this District, and Zoho has a regular and established place of business in this District.  Zoho denies any and all remaining allegations in paragraph 11 of the Complaint.

## DIVISIONAL ASSIGNMENT

12.     Paragraph 12 of the Complaint requires no response from Zoho, but to the extent any response is required, Zoho denies the allegations of paragraph 12 of the Complaint.  *See* Civil L.R. 3-2(c) ("The Clerk shall assign civil actions and proceedings pursuant to the Court's Assignment Plan (General Order No. 44)"; General Order No. 44 at D.3 ("Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for … intellectual property rights").

## BACKGROUND

13.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and on that basis denies them.

17.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and on that basis denies them.

18.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and on that basis denies them.

19.     Zoho denies the allegations in paragraph 19 of the Complaint.

20.     Zoho admits that it offers for sale and sells Site24x7 and Applications Manager to the public.  Zoho denies any and all remaining allegations in paragraph 20 of the Complaint.

21.     Zoho admits that it uses Site24x7 and Applications Manager.  Zoho denies any and all remaining allegations in paragraph 21 of the Complaint.

22.     Zoho denies the allegations in paragraph 22 of the Complaint.

23.     Zoho admits that paragraph 23 of the Complaint quotes excerpts ("All-in-One Monitoring Solution" and "Website Monitoring") from https://www.site24x7.com/.  Zoho denies any and all remaining allegations in paragraph 23 of the Complaint.

24.     Zoho admits that paragraph 24 of the Complaint quotes an excerpt ("Using Site24x7's synthetic monitoring tool, you can continuously test the availability, performance, and functionality for all critical components that help deliver your digital business to guarantee site reliability and a better end-user experience.") from https://www.site24x7.com/synthetic-monitoring.html. Zoho denies any and all remaining allegations in paragraph 24 of the Complaint.

25.     Zoho admits that paragraph 25 of the Complaint quotes an excerpt ("Record and simulate multi-step user interactions in a real browser and optimize login forms, shopping carts and other applications.") from https://www.site24x7.com/.  Zoho further admits that paragraph 25 of the Complaint quotes an excerpt ("Record typical user paths or actions like a form submission, add to shopping cart, or import Selenium IDE test scripts, and play them back at regular intervals on a real browser like Chrome or Firefox to ensure an error-free experience for your users.") from https://www.site24x7.com/synthetic-monitoring.html.  Zoho denies any and all remaining allegations in paragraph 25 of the Complaint.

26.     Zoho admits that paragraph 26 of the Complaint quotes an excerpt ("better customer experiences by testing the performance of critical user paths on your website 24x7") from https://www.manageengine.com/products/applications_manager/.  Zoho denies any and all remaining allegations in paragraph 26 of the Complaint.

27.     Zoho admits that paragraph 27 of the Complaint quotes an excerpt ("Test the performance of critical user paths on your website … Among our website monitoring tools is the synthetic transaction monitor that can help you accurately simulate user interactions with your

website and ensure the correctness and performance of critical user paths.") from https://www.manageengine.com/products/applications_manager/website-monitoring-tools.html. Zoho denies any and all remaining allegations in paragraph 27 of the Complaint.

28.     Zoho admits that paragraph 28 of the Complaint quotes an excerpt ("For Real Browser Monitoring we use the Web Transaction Recorder to record all user online transactions in their exact sequence. The Recorder is used to record the transactions which get stored as webscripts. These transactions will then be replayed at regular intervals of time and notifications will be sent when error is detected.") from https://www.manageengine.com/products/applications_manager/help/real-browser-monitor-rbm.html?website-monitoring-tools.  Zoho denies any and all remaining allegations in paragraph 28 of the Complaint.

## COUNT I – INFRINGEMENT OF THE '175 PATENT BY SITE24X7

29.     Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

30.     Zoho admits that the document attached as Exhibit A to the Complaint on its face reflects that U.S. Patent No. 7,757,175 (the "'175 patent") was issued on July 13, 2010. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 30 of the Complaint and on that basis denies them.

31.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and on that basis denies them.

32.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and on that basis denies them.

33.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint and on that basis denies them.

34.     Zoho admits that it has had knowledge of SRI and the '175 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 34 of the Complaint and on that basis denies them.

35. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint and on that basis denies them.

36. Zoho denies the allegations in paragraph 36 of the Complaint.

37. Zoho denies the allegations in paragraph 37 of the Complaint.

38. Zoho denies the allegations in paragraph 38 of the Complaint.

39. Zoho denies the allegations in paragraph 39 of the Complaint.

40. Zoho denies the allegations in paragraph 40 of the Complaint.

41. Zoho denies the allegations in paragraph 41 of the Complaint.

42. Zoho denies the allegations in paragraph 42 of the Complaint.

43. Zoho denies the allegations in paragraph 43 of the Complaint.

44. Zoho denies the allegations in paragraph 44 of the Complaint.

45. Zoho denies the allegations in paragraph 45 of the Complaint.

46. Zoho denies the allegations in paragraph 46 of the Complaint.

47. Zoho denies the allegations in paragraph 47 of the Complaint.

## COUNT II – INFRINGEMENT OF THE '271 PATENT BY SITE24X7

48. Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

49. Zoho admits that the document attached as Exhibit B to the Complaint on its face reflects that U.S. Patent No. 8,327,271 (the "'271 patent") was issued on December 4, 2012. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 49 of the Complaint and on that basis denies them.

50. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint and on that basis denies them.

51. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Complaint and on that basis denies them.

52. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint and on that basis denies them.

Case No. 5:22-cv-05859-EJD

5

53.     Zoho admits that it has had knowledge of SRI and the '271 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 53 of the Complaint and on that basis denies them.

54.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint and on that basis denies them.

55.     Zoho denies the allegations in paragraph 55 of the Complaint.

56.     Zoho denies the allegations in paragraph 56 of the Complaint.

57.     Zoho denies the allegations in paragraph 57 of the Complaint.

58.     Zoho denies the allegations in paragraph 58 of the Complaint.

59.     Zoho denies the allegations in paragraph 59 of the Complaint.

60.     Zoho denies the allegations in paragraph 60 of the Complaint.

61.     Zoho denies the allegations in paragraph 61 of the Complaint.

62.     Zoho denies the allegations in paragraph 62 of the Complaint.

63.     Zoho denies the allegations in paragraph 63 of the Complaint.

64.     Zoho denies the allegations in paragraph 64 of the Complaint.

65.     Zoho denies the allegations in paragraph 65 of the Complaint.

66.     Zoho denies the allegations in paragraph 66 of the Complaint.

## COUNT III – INFRINGEMENT OF THE '890 PATENT BY SITE24X7

67.     Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

68.     Zoho admits that the document attached as Exhibit C to the Complaint on its face reflects that U.S. Patent No. 8,392,890 (the "'890 patent") was issued on March 5, 2013. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 68 of the Complaint and on that basis denies them.

69.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint and on that basis denies them.

70.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Complaint and on that basis denies them.

71.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint and on that basis denies them.

72.     Zoho admits that it has had knowledge of SRI and the '890 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 72 of the Complaint and on that basis denies them.

73.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Complaint and on that basis denies them.

74.     Zoho denies the allegations in paragraph 74 of the Complaint.

75.     Zoho denies the allegations in paragraph 75 of the Complaint.

76.     Zoho denies the allegations in paragraph 76 of the Complaint.

77.     Zoho denies the allegations in paragraph 77 of the Complaint.

78.     Zoho denies the allegations in paragraph 78 of the Complaint.

79.     Zoho denies the allegations in paragraph 79 of the Complaint.

80.     Zoho denies the allegations in paragraph 80 of the Complaint.

81.     Zoho denies the allegations in paragraph 81 of the Complaint.

82.     Zoho denies the allegations in paragraph 82 of the Complaint.

83.     Zoho denies the allegations in paragraph 83 of the Complaint.

84.     Zoho denies the allegations in paragraph 84 of the Complaint.

85.     Zoho denies the allegations in paragraph 85 of the Complaint.

### COUNT IV – INFRINGEMENT OF THE '585 PATENT BY SITE24X7

86.     Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

87.     Zoho admits that the document attached as Exhibit D to the Complaint on its face reflects that U.S. Patent No. 8,495,585 (the "'585 patent") was issued on July 23, 2013. Zoho lacks

sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 87 of the Complaint and on that basis denies them.

88.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Complaint and on that basis denies them.

89.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Complaint and on that basis denies them.

90.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Complaint and on that basis denies them.

91.     Zoho admits that it has had knowledge of SRI and the '585 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 91 of the Complaint and on that basis denies them.

92.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint and on that basis denies them.

93.     Zoho denies the allegations in paragraph 93 of the Complaint.

94.     Zoho denies the allegations in paragraph 94 of the Complaint.

95.     Zoho denies the allegations in paragraph 95 of the Complaint.

96.     Zoho denies the allegations in paragraph 96 of the Complaint.

97.     Zoho denies the allegations in paragraph 97 of the Complaint.

98.     Zoho denies the allegations in paragraph 98 of the Complaint.

99.     Zoho denies the allegations in paragraph 99 of the Complaint.

100.    Zoho denies the allegations in paragraph 100 of the Complaint.

101.    Zoho denies the allegations in paragraph 101 of the Complaint.

102.    Zoho denies the allegations in paragraph 102 of the Complaint.

103.    Zoho denies the allegations in paragraph 103 of the Complaint.

104.    Zoho denies the allegations in paragraph 104 of the Complaint.

**COUNT V – INFRINGEMENT OF THE '493 PATENT BY SITE24X7**

105.   Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

106.   Zoho admits that the document attached as Exhibit E to the Complaint on its face reflects that U.S. Patent No. 8,650,493 (the "'493 patent") was issued on February 11, 2014. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 106 of the Complaint and on that basis denies them.

107.   Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 107 of the Complaint and on that basis denies them.

108.   Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 108 of the Complaint and on that basis denies them.

109.   Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 109 of the Complaint and on that basis denies them.

110.   Zoho admits that it has had knowledge of SRI and the '493 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 110 of the Complaint and on that basis denies them.

111.   Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 111 of the Complaint and on that basis denies them.

112.   Zoho denies the allegations in paragraph 112 of the Complaint.

113.   Zoho denies the allegations in paragraph 113 of the Complaint.

114.   Zoho denies the allegations in paragraph 114 of the Complaint.

115.   Zoho denies the allegations in paragraph 115 of the Complaint.

116.   Zoho denies the allegations in paragraph 116 of the Complaint.

117.   Zoho denies the allegations in paragraph 117 of the Complaint.

118.   Zoho denies the allegations in paragraph 118 of the Complaint.

119.   Zoho denies the allegations in paragraph 119 of the Complaint.

120.   Zoho denies the allegations in paragraph 120 of the Complaint.

121.    Zoho denies the allegations in paragraph 121 of the Complaint.

122.    Zoho denies the allegations in paragraph 122 of the Complaint.

123.    Zoho denies the allegations in paragraph 123 of the Complaint.

## <u>COUNT VI – INFRINGEMENT OF THE '491 PATENT BY SITE24X7</u>

124.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

125.    Zoho admits that the document attached as Exhibit F to the Complaint on its face reflects that U.S. Patent No. 8,984,491 (the "'491 patent") was issued on March 17, 2015. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 125 of the Complaint and on that basis denies them.

126.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Complaint and on that basis denies them.

127.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 127 of the Complaint and on that basis denies them.

128.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 128 of the Complaint and on that basis denies them.

129.    Zoho admits that it has had knowledge of SRI and the '491 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 129 of the Complaint and on that basis denies them.

130.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 130 of the Complaint and on that basis denies them.

131.    Zoho denies the allegations in paragraph 131 of the Complaint.

132.    Zoho denies the allegations in paragraph 132 of the Complaint.

133.    Zoho denies the allegations in paragraph 133 of the Complaint.

134.    Zoho denies the allegations in paragraph 134 of the Complaint.

135.    Zoho denies the allegations in paragraph 135 of the Complaint.

136.    Zoho denies the allegations in paragraph 136 of the Complaint.

137.    Zoho denies the allegations in paragraph 137 of the Complaint.

138.    Zoho denies the allegations in paragraph 138 of the Complaint.

139.    Zoho denies the allegations in paragraph 139 of the Complaint.

140.    Zoho denies the allegations in paragraph 140 of the Complaint.

141.    Zoho denies the allegations in paragraph 141 of the Complaint.

142.    Zoho denies the allegations in paragraph 142 of the Complaint.

## **COUNT VII – INFRINGEMENT OF THE '286 PATENT BY SITE24X7**

143.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

144.    Zoho admits that the document attached as Exhibit G to the Complaint on its face reflects that U.S. Patent No. 10,489,286 (the "'286 patent") was issued on November 26, 2019. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 144 of the Complaint and on that basis denies them.

145.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 145 of the Complaint and on that basis denies them.

146.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 146 of the Complaint and on that basis denies them.

147.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 147 of the Complaint and on that basis denies them.

148.    Zoho admits that it has had knowledge of SRI and the '286 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 148 of the Complaint and on that basis denies them.

149.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 149 of the Complaint and on that basis denies them.

150.    Zoho denies the allegations in paragraph 150 of the Complaint.

151.    Zoho denies the allegations in paragraph 151 of the Complaint.

152.    Zoho denies the allegations in paragraph 152 of the Complaint.

153.    Zoho denies the allegations in paragraph 153 of the Complaint.

154.    Zoho denies the allegations in paragraph 154 of the Complaint.

155.    Zoho denies the allegations in paragraph 155 of the Complaint.

156.    Zoho denies the allegations in paragraph 156 of the Complaint.

157.    Zoho denies the allegations in paragraph 157 of the Complaint.

158.    Zoho denies the allegations in paragraph 158 of the Complaint.

159.    Zoho denies the allegations in paragraph 159 of the Complaint.

160.    Zoho denies the allegations in paragraph 160 of the Complaint.

161.    Zoho denies the allegations in paragraph 161 of the Complaint.

## COUNT VIII – INFRINGEMENT OF THE '175 PATENT BY APPLICATIONS MANAGER

162.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

163.    Zoho admits that the document attached as Exhibit A to the Complaint on its face reflects that '175 patent was issued on July 13, 2010. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 163 of the Complaint and on that basis denies them.

164.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 164 of the Complaint and on that basis denies them.

165.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 165 of the Complaint and on that basis denies them.

166.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 166 of the Complaint and on that basis denies them.

167.    Zoho admits that it has had knowledge of SRI and the '175 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations in paragraph 167 of the Complaint and on that basis denies them.

168.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 168 of the Complaint and on that basis denies them.

169.    Zoho denies the allegations in paragraph 169 of the Complaint.

170.    Zoho denies the allegations in paragraph 170 of the Complaint.

171.    Zoho denies the allegations in paragraph 171 of the Complaint.

172.    Zoho denies the allegations in paragraph 172 of the Complaint.

173.    Zoho denies the allegations in paragraph 173 of the Complaint.

174.    Zoho denies the allegations in paragraph 174 of the Complaint.

175.    Zoho denies the allegations in paragraph 175 of the Complaint.

176.    Zoho denies the allegations in paragraph 176 of the Complaint.

177.    Zoho denies the allegations in paragraph 177 of the Complaint.

178.    Zoho denies the allegations in paragraph 178 of the Complaint.

179.    Zoho denies the allegations in paragraph 179 of the Complaint.

180.    Zoho denies the allegations in paragraph 180 of the Complaint.

## COUNT IX – INFRINGEMENT OF THE '271 PATENT BY APPLICATIONS MANAGER

181.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

182.    Zoho admits that the document attached as Exhibit B to the Complaint on its face reflects that '271 patent was issued on December 4, 2012. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 182 of the Complaint and on that basis denies them.

183.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 183 of the Complaint and on that basis denies them.

184.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 184 of the Complaint and on that basis denies them.

185.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 185 of the Complaint and on that basis denies them.

186.    Zoho admits that it has had knowledge of SRI and the '271 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 186 of the Complaint and on that basis denies them.

187.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 187 of the Complaint and on that basis denies them.

188.    Zoho denies the allegations in paragraph 188 of the Complaint.

189.    Zoho denies the allegations in paragraph 189 of the Complaint.

190.    Zoho denies the allegations in paragraph 190 of the Complaint.

191.    Zoho denies the allegations in paragraph 191 of the Complaint.

192.    Zoho denies the allegations in paragraph 192 of the Complaint.

193.    Zoho denies the allegations in paragraph 193 of the Complaint.

194.    Zoho denies the allegations in paragraph 194 of the Complaint.

195.    Zoho denies the allegations in paragraph 195 of the Complaint.

196.    Zoho denies the allegations in paragraph 196 of the Complaint.

197.    Zoho denies the allegations in paragraph 197 of the Complaint.

198.    Zoho denies the allegations in paragraph 198 of the Complaint.

199.    Zoho denies the allegations in paragraph 199 of the Complaint.

**COUNT X – INFRINGEMENT OF THE '890 PATENT BY APPLICATIONS MANAGER**

200.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

201.    Zoho admits that the document attached as Exhibit C to the Complaint on its face reflects that '890 patent was issued on March 5, 2013. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 201 of the Complaint and on that basis denies them.

202.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 202 of the Complaint and on that basis denies them.

203.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 203 of the Complaint and on that basis denies them.

204.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 204 of the Complaint and on that basis denies them.

205.    Zoho admits that it has had knowledge of SRI and the '890 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 205 of the Complaint and on that basis denies them.

206.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 206 of the Complaint and on that basis denies them.

207.    Zoho denies the allegations in paragraph 207 of the Complaint.

208.    Zoho denies the allegations in paragraph 208 of the Complaint.

209.    Zoho denies the allegations in paragraph 209 of the Complaint.

210.    Zoho denies the allegations in paragraph 210 of the Complaint.

211.    Zoho denies the allegations in paragraph 211 of the Complaint.

212.    Zoho denies the allegations in paragraph 212 of the Complaint.

213.    Zoho denies the allegations in paragraph 213 of the Complaint.

214.    Zoho denies the allegations in paragraph 214 of the Complaint.

215.    Zoho denies the allegations in paragraph 215 of the Complaint.

216.    Zoho denies the allegations in paragraph 216 of the Complaint.

217.    Zoho denies the allegations in paragraph 217 of the Complaint.

218.    Zoho denies the allegations in paragraph 218 of the Complaint.

**COUNT XI – INFRINGEMENT OF THE '585 PATENT BY APPLICATIONS MANAGER**

219.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

220.     Zoho admits that the document attached as Exhibit D to the Complaint on its face reflects that the '585 patent was issued on July 23, 2013. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 220 of the Complaint and on that basis denies them.

221.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 221 of the Complaint and on that basis denies them.

222.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 222 of the Complaint and on that basis denies them.

223.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 223 of the Complaint and on that basis denies them.

224.     Zoho admits that it has had knowledge of SRI and the '585 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 224 of the Complaint and on that basis denies them.

225.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 225 of the Complaint and on that basis denies them.

226.     Zoho denies the allegations in paragraph 226 of the Complaint.

227.     Zoho denies the allegations in paragraph 227 of the Complaint.

228.     Zoho denies the allegations in paragraph 228 of the Complaint.

229.     Zoho denies the allegations in paragraph 229 of the Complaint.

230.     Zoho denies the allegations in paragraph 230 of the Complaint.

231.     Zoho denies the allegations in paragraph 231 of the Complaint.

232.     Zoho denies the allegations in paragraph 232 of the Complaint.

233.     Zoho denies the allegations in paragraph 233 of the Complaint.

234.     Zoho denies the allegations in paragraph 234 of the Complaint.

235.     Zoho denies the allegations in paragraph 235 of the Complaint.

236.     Zoho denies the allegations in paragraph 236 of the Complaint.

237.     Zoho denies the allegations in paragraph 237 of the Complaint.

1    **COUNT XII – INFRINGEMENT OF THE '493 PATENT BY APPLICATIONS MANAGER**

2    238.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the

3    preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth

4    herein.

5    239.    Zoho admits that the document attached as Exhibit E to the Complaint on its face

6    reflects that the '493 patent was issued on February 11, 2014.  Zoho lacks sufficient knowledge or

7    information to form a belief as to the truth or falsity of the remaining allegations in paragraph 239 of

8    the Complaint and on that basis denies them.

9    240.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or

10   falsity of the allegations in paragraph 240 of the Complaint and on that basis denies them.

11   241.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or

12   falsity of the allegations in paragraph 241 of the Complaint and on that basis denies them.

13   242.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or

14   falsity of the allegations in paragraph 242 of the Complaint and on that basis denies them.

15   243.    Zoho admits that it has had knowledge of SRI and the '493 patent since at least the

16   filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the

17   truth or falsity of the remaining allegations in paragraph 243 of the Complaint and on that basis

18   denies them.

19   244.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or

20   falsity of the allegations in paragraph 244 of the Complaint and on that basis denies them.

21   245.    Zoho denies the allegations in paragraph 245 of the Complaint.

22   246.    Zoho denies the allegations in paragraph 246 of the Complaint.

23   247.    Zoho denies the allegations in paragraph 247 of the Complaint.

24   248.    Zoho denies the allegations in paragraph 248 of the Complaint.

25   249.    Zoho denies the allegations in paragraph 249 of the Complaint.

26   250.    Zoho denies the allegations in paragraph 250 of the Complaint.

27   251.    Zoho denies the allegations in paragraph 251 of the Complaint.

28   252.    Zoho denies the allegations in paragraph 252 of the Complaint.

253.    Zoho denies the allegations in paragraph 253 of the Complaint.

254.    Zoho denies the allegations in paragraph 254 of the Complaint.

255.    Zoho denies the allegations in paragraph 255 of the Complaint.

256.    Zoho denies the allegations in paragraph 256 of the Complaint.

**COUNT XIII – INFRINGEMENT OF THE '491 PATENT BY APPLICATIONS MANAGER**

257.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

258.    Zoho admits that the document attached as Exhibit F to the Complaint on its face reflects that the '491 patent was issued on March 17, 2015.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 258 of the Complaint and on that basis denies them.

259.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 259 of the Complaint and on that basis denies them.

260.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 260 of the Complaint and on that basis denies them.

261.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 261 of the Complaint and on that basis denies them.

262.    Zoho admits that it has had knowledge of SRI and the '491 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 262 of the Complaint and on that basis denies them.

263.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 263 of the Complaint and on that basis denies them.

264.    Zoho denies the allegations in paragraph 264 of the Complaint.

265.    Zoho denies the allegations in paragraph 265 of the Complaint.

266.    Zoho denies the allegations in paragraph 266 of the Complaint.

267.    Zoho denies the allegations in paragraph 267 of the Complaint.

268.    Zoho denies the allegations in paragraph 268 of the Complaint.

269.    Zoho denies the allegations in paragraph 269 of the Complaint.

270.    Zoho denies the allegations in paragraph 270 of the Complaint.

271.    Zoho denies the allegations in paragraph 271 of the Complaint.

272.    Zoho denies the allegations in paragraph 272 of the Complaint.

273.    Zoho denies the allegations in paragraph 273 of the Complaint.

274.    Zoho denies the allegations in paragraph 274 of the Complaint.

275.    Zoho denies the allegations in paragraph 275 of the Complaint.

## COUNT XIV – INFRINGEMENT OF THE '286 PATENT BY APPLICATIONS MANAGER

276.    Zoho admits that SRI purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

277.    Zoho admits that the document attached as Exhibit G to the Complaint on its face reflects that the '286 patent was issued on November 26, 2019.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 277 of the Complaint and on that basis denies them.

278.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 278 of the Complaint and on that basis denies them.

279.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 279 of the Complaint and on that basis denies them.

280.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 280 of the Complaint and on that basis denies them.

281.    Zoho admits that it has had knowledge of SRI and the '286 patent since at least the filing of the Complaint.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 281 of the Complaint and on that basis denies them.

282.    Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 282 of the Complaint and on that basis denies them.

283.    Zoho denies the allegations in paragraph 283 of the Complaint.

284.    Zoho denies the allegations in paragraph 284 of the Complaint.

285.    Zoho denies the allegations in paragraph 285 of the Complaint.

286.    Zoho denies the allegations in paragraph 286 of the Complaint.

287.    Zoho denies the allegations in paragraph 287 of the Complaint.

288.    Zoho denies the allegations in paragraph 288 of the Complaint.

289.    Zoho denies the allegations in paragraph 289 of the Complaint.

290.    Zoho denies the allegations in paragraph 290 of the Complaint.

291.    Zoho denies the allegations in paragraph 291 of the Complaint.

292.    Zoho denies the allegations in paragraph 292 of the Complaint.

293.    Zoho denies the allegations in paragraph 293 of the Complaint.

294.    Zoho denies the allegations in paragraph 294 of the Complaint.

## DEMAND FOR JURY TRIAL

Zoho admits that SRI purports to request a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38(b).  Zoho also demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Zoho denies that SRI is entitled to any of the relief it seeks in Paragraphs A through FF, or any relief at all for the allegations made in its Complaint.

## GENERAL DENIAL

Zoho denies all allegations in the Complaint, express or implied, to which Zoho has not specifically admitted to in its Answer.

## AFFIRMATIVE DEFENSES

295.    Zoho asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be on SRI.  In addition to the defenses described below, Zoho specifically reserves all rights to assert additional defenses as additional information becomes available.  Furthermore, Zoho repeats and incorporates by reference each of its responses in the foregoing paragraphs as if fully set forth herein.

**First Defense (Non-Infringement)**

296.    Zoho has not infringed and does not infringe any valid or enforceable claim of the '175, '271, '890, '585, '493, '491 and '286 patents (collectively, the "Patents-in-Suit"), whether directly, jointly, indirectly, literally, under the doctrine of equivalents, contributorily, by inducement, or in any way.

**Second Defense (Invalidity)**

297.    The asserted claims of the Patents-in-Suit are invalid for failure to meet the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Defense (Limitations on Damages)**

298.    SRI's claims for damages and/or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

**Fourth Defense (Prosecution History Estoppel)**

299.    One or more claims of SRI against Zoho are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer.

**Fifth Defense (Inequitable Conduct/Unclean Hands)**

300.    One or more claims of SRI are barred because one or more of SRI, the named inventors on the Patents-in-Suit, their attorneys, representatives, predecessors in interests and/or other persons with a duty of candor to the USPTO has unclean hands on account of violations of the duty of candor to the USPTO, inequitable conduct and/or misrepresentations of material fact to the USPTO.

301.    For example, during prosecution of Patent Application 11/758,624, which matured into the '175 patent, named inventor Edward Miller submitted a declaration under 37 C.F.R. § 1.132. Miller declared versions 1.4 and 1.5 of his CAPBAK/Web product, which were publicly available prior to filing of the application, lacked certain functionality claimed in the '175 patent.  Miller declared that those products "did not include the capability to access Document Object Model (DOM) elements access," using "Component Object Model (COM) built on a Windows platform, as opposed to a web browser (e.g., Internet Explorer (IE))."  Upon information and belief, and from SRI's public press release regarding the CAPBAK/Web product, these statements were incorrect and

Miller made these statements with intent to deceive the USPTO because, as the named inventor, Miller knew they were false at the time they were made. Upon information and belief, Miller would not have secured issuance of the '175 patent absent this false declaration, and this constitutes an affirmative act of egregious conduct which bars enforcement of the Patents-in-Suit.

### Sixth Defense (Other Equitable Defenses)

302.    One or more claims of SRI are barred, in whole or in part, due to one or more equitable defenses or doctrines, including without limitation, waiver, acquiescence, prosecution laches, and/or equitable estoppel.

### Reservation of Additional Defenses

303.    Zoho reserves any and all additional defenses under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Zoho prays for the following relief and judgment:

A.    That SRI take nothing by way of its Complaint and the same be dismissed with prejudice;

B.    That the Court enters a judgment declaring that Zoho has not infringed and does not infringe the '175, '271, '890, '585, '493, '491 and '286 patents;

C.    That the Court enters a judgment declaring that the claims of the '175, '271, '890, '585, '493, '491 and '286 patents are invalid;

D.    That all damages, costs, expenses, attorneys' fees, prejudgment and/or post judgment interest, and other relief sought by SRI be denied; and

E.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Zoho; and that the Court award Zoho all other relief that the Court deems just and proper.

1    Dated: January 2, 2023                    MARTON RIBERA SCHUMANN & CHANG LLP

2
                                              By:    /s/ Ryan J. Marton
3                                                   RYAN J. MARTON
                                                    CAROLYN CHANG
4                                                   PHILLIP J. HAACK
                                                    SHANNON KUMAGAI
5
6                                                   Attorneys for Defendant
                                                    ZOHO CORPORATION
7